**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: December 2, 2020
Date Decided: December 29, 2020

John M. Seaman, Esquire
Michael A. Barlow, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

David J. Margules, Esquire
Elizabeth A. Sloan, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801

Raymond J. DiCamillo, Esquire
Daniel Kaprow, Esquire
Megan E. O'Connor, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Albert H. Manwaring, IV, Esquire
Albert J. Carroll, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Re: *Joint Stock Company Commercial Bank PrivatBank v. Kolomoisky, et al.*
C.A. No. 2019-0377-JRS

Dear Counsel:

I have reviewed Plaintiff's Motion for Reargument (D.I. 169) relating to the Court's decision, dated November 19, 2020, to grant Defendants' Motion to Bifurcate Briefing on Motions to Dismiss and Stay Jurisdictional Discovery (D.I. 164, 167). After carefully reviewing the matter, I remained convinced that the sequencing of briefing the pending motions, and the stay of jurisdictional discovery,

as laid out in the Court's November 19th Order, is the most efficient and appropriate means by which to address the motions, particularly given the likely scope of jurisdictional discovery implicated by the Plaintiff's proffered theory of personal jurisdiction.

As I am not satisfied the Court has "overlooked a controlling decision or principle of law that would have controlling effect, or [] has misapprehended the law or the facts so that the outcome of the decision would be different," I cannot conclude that the Motion for Reargument has stated valid bases for relief.[1] Accordingly, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[1] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008) (stating the requisite grounds for granting reargument).